UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENAI JOY,<br><br>        Plaintiff,<br><br>    v.<br><br>BEST BUY COMPANY, INC., a foreign corporation,<br><br>        Defendant. | No. CV-07-0376-FVS<br><br>ORDER DISMISSING COMPLAINT |

    By Order filed September 19, 2008, the Court advised Plaintiff that she must expeditiously secure substitute counsel or file a statement of appearance pro se. (Ct. Rec. 12). The Court further directed Plaintiff to have newly retained counsel file a substitution of attorney form or file a statement of appearance pro se within thirty (30) days of the date of that Order.[1] (Ct. Rec. 12 at 3). That deadline expired, and Plaintiff filed nothing in response.

    On October 20, 2008, the Court issued an order directing Plaintiff to show cause why her complaint should not be dismissed for Plaintiff's failure to obey a court order, failure to comply with this

---

[1] Local Rule 83.2(d) holds that when an attorney withdraws, a party for whom he was acting as attorney, must obtain another attorney or file a statement of appearance pro se. LR 83.2(d)(3).

ORDER DISMISSING COMPLAINT - 1

1   Court's local rules, and failure to prosecute this action. (Ct. Rec.
2   13). Plaintiff was advised that her failure to respond and show cause
3   would result in the dismissal of her case pursuant to Fed. R. Civ. P.
4   41(b) and the closure of the file. (Ct. Rec. 13 at 2). On October
5   21, 2008, Plaintiff's prior counsel submitted a declaration indicating
6   that all his mailings to Plaintiff at her last known address, as
7   ordered by the Court, had been returned to him as "unclaimed and
8   undeliverable." (Ct. Rec. 14).

9       "Pursuant to Federal Rule of Civil Procedure 41(b), the district
10  court may dismiss an action for failure to comply with any order of
11  the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992),
12  *cert. denied*, 506 U.S. 915 (1992). A court may dismiss an action,
13  with prejudice, based on a party's failure to prosecute an action,
14  failure to obey a court order, or failure to comply with local rules.
15  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)
16  (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d
17  1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
18  local rule requiring pro se plaintiffs to keep court apprised of
19  address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.
20  1987) (dismissal for failure to comply with court order).

21      By failing to respond as directed by the Court on September 19,
22  2008 (Ct. Rec. 12) and again on October 20, 2008 (Ct. Rec. 13),
23  Plaintiff has failed to obey a court order and failed to comply with
24  this Court's local rule 83.2(d). Consequently, Plaintiff has
25  additionally failed to appropriately prosecute this action.
26  ///

ORDER DISMISSING COMPLAINT - 2

1   Based on the foregoing, **IT IS ORDERED** that Plaintiff's complaint
2  is dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(b) for
3  her failure to obey a court order, failure to comply with this Court's
4  local rules, and failure to prosecute this action.
5   **IT IS SO ORDERED.**  The District Court Executive is directed to
6  enter this Order, forward a copy to Plaintiff and counsel for
7  Defendant and **close the file.**
8   **DATED** this __14th__ day of November, 2008.

           S/Fred Van Sickle
           Fred Van Sickle
           Senior United States District Judge

ORDER DISMISSING COMPLAINT - 3